**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30062 |
| Plaintiff-Appellee, | D.C. No. 18-cr-00389-BLW |
| v. | |
| JOSE HERNANDEZ-DAVALOS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted April 15, 2021**
Seattle, Washington

Before: GRABER and CALLAHAN, Circuit Judges, and SELNA, Senior District
Judge* * *

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. 34(a)(2).

\*\*\* The Honorable James V. Selna, Senior District Judge for the United
States District Court for the Central District of California, sitting by designation.

1

Jose Hernandez-Davalos appeals the district court's denial of his motion to suppress evidence seized from a warrantless search of his vehicle. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's determination of probable cause de novo and factual findings for clear error, and we affirm. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Williamson*, 439 F.3d 1125, 1134 n.8 (9th Cir. 2006).

The district court correctly denied the motion to suppress pursuant to the automobile exception because the searching officer, Rick Scruggs, had probable cause to believe evidence of a crime would be found in Hernandez-Davalos's pickup truck. The automobile exception permits a warrantless search of a vehicle when law enforcement officers have "probable cause to believe contraband or evidence is contained" therein. *California v. Acevedo*, 500 U.S. 565, 580 (1991). Scruggs reasonably inferred that there was "a fair probability" that, given the totality of the circumstances, "contraband or evidence of a crime [would] be found in" Hernandez-Davalos's white pickup truck. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In particular, the facts suggested that Hernandez-Davalos had committed the crime of shooting a firearm from a public highway, in violation of Idaho Code § 36-1508(a).

Probable cause for the search blossomed out of the following four pieces of evidence:  (1) the 911 call that bore independent indicia of reliability, (2) Hernandez-Davalos's behavior in eluding detection by Scruggs, (3) Hernandez-Davalos's incriminating statements, and (4) the presence of a rifle in the backseat of the truck visible through the window.  First, a 911 caller reported that shots had been fired by a man driving a white pickup truck at or around the address where Hernandez-Davalos was found driving a white pickup truck, and the driver had been firing shots, getting back in the truck again, driving slowly, and repeating this behavior.  Second, the district court found that "Scruggs reported that when he attempted to stop Hernandez, Hernandez briefly attempted to elude him by pulling into an area between two corrals and shutting off his headlights."  Third, Hernandez-Davalos admitted firing shots and, although Hernandez-Davalos told Scruggs that he had been shooting near the house (rather than from the roadway), Scruggs had reason to doubt the veracity of that statement given that he found no shell casings where Hernandez-Davalos asserted that he had shot from.  Finally, Scruggs saw a rifle in the backseat of the truck.  In sum, Scruggs had probable cause to believe that evidence of a crime—shooting from a roadway—could be found in the truck, justifying the warrantless search under the automobile exception.

**AFFIRMED.**